ADDISON M. SHERMAN, Appellant, *v.* RICHMOND HOSE COMPANY No. 2 et al., Appellants, and CHARLES D. NEWTON, Attorney-General of the State of New York, et al., Respondents.

**Decedent's estate — bequest to hose company — gift over if bequest shall lapse or fail or not take effect speaks as of death of testator — not a conditional limitation on gift — cy pres — upon subsequent dissolution of hose company gift properly awarded to city in trust for fire protection.**

1. A bequest to a hose company, organized to provide fire protection to a village, of a sum of money " to be kept at all times intact and the income   *   *   *   devoted to the reasonable and proper uses of said company," creates no trust, nor was there a suspension of its ownership or of its alienability, but is a gift for the advancement of an object of general public utility and hence is one for a charitable purpose to a corporation authorized to receive it.

2. A further provision of the will bequeathing the said legacy to two named persons or to the one who survived her if for any reason it " shall lapse or fail or for any cause not take effect in whole or in part," does not sustain a contention that the dissolution of the company

ten years after it received its legacy vested the same in the survivor of the persons so named or in him and the next of kin of his co-legatee. The gift was absolute in its terms, it created no trust and cannot be held to have imposed a condition. Further the gift over speaks as of the death of the testatrix. Then is to be decided whether the legacy has lapsed or failed or does not take effect.

3. Upon dissolution of the corporation personal property bequeathed to it, dedicated to public and charitable purposes, should be disposed of with due regard to the objects to which it was dedicated. The hose company took this legacy for the benefit of its organization; to divert it to other purposes would have exceeded its powers. Under sections 12 and 13 of the Personal Property Law (Cons. Laws, ch. 41) the court is authorized to apply the *cy pres* rule. The language of the statute should not be limited to cases where application is made by a trustee or corporation having the custody of the property but the court may act on information by the state or on its own motion. The village having become a city, an award of the fund to the city to be held in trust for fire protection was a proper exercise of discretion.

*Sherman* v. *Richmond Hose Co.*, 186 App. Div. 417, affirmed.

(Argued February 2, 1921; decided March 8, 1921.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 2, 1919, modifying and affirming as modified a judgment in favor of defendant Richmond Hose Company, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Irving W. Cole* and *Hamilton Ward* for plaintiff, appellant. The bequest to the hose company having lapsed, failed and failed to take effect in whole or in part the same has legally passed to and become vested in the plaintiff. (*Robinson* v. *Martin*, 200 N. Y. 159; *Cammann* v. *Bailey*, 210 N. Y. 30; *Bliven* v. *Seymour*, 88 N. Y. 469; *Lytle* v. *Beveridge*, 58 N. Y. 592; *Hoppock* v. *Tucker*, 59 N. Y. 201; *Phillips* v. *Davis*, 92 N. Y. 199; *Ritchie* v. *Hawxurst*, 114 N. Y. 512; *Matter of Catlin*, 160 N. Y. Supp. 1034; *Matter of Spitzmiller*, 160 N. Y. Supp. 501; *Matter of James*, 146 N. Y. 78.)

*William H. Coon* for Richmond Hose Company, defendant, appellant. The claimed future gift to Sherman and Atwater to take effect upon the dissolution of the hose company is void because it attempts to suspend the absolute ownership of personal property beyond two lives in being. (*Matter of Wilcox*, 194 N. Y. 300; *Matter of Bowen*, 9 L. T. R. 380; *Church* v. *Grant*, 3 Gray, 142.) Clause 30 of the will is not a bequest for charitable purposes, but is an absolute gift of the corpus of the $10,000 legacy to Richmond Hose Company No. 2, a private membership corporation, not organized or conducted for charitable purposes, with no intention or expectancy upon the part of testatrix that it should be used for any charitable purpose, but, on the contrary, for its purposes as a social as well as fire-fighting organization. (*Camp* v. *Presbyterian Church*, 105 Misc. Rep. 139; *Matter of Griffin*, 167 N. Y. 71; *Wetmore* v. *Parker*, 51 N. Y. 450; *Bird* v. *Merklee*, 44 N. Y. 544; *Matter of Shattuck*, 193 N. Y. 446; *Sherwood* v. *Am. Bible Society*, 1 Keyes, 561; *Smith* v. *Havens R. F. Society*, 44 Misc. Rep. 594; *Attorney-General* v. *Soule*, 28 Mich. 153; *Stratton* v. *P. M. College*, 149 Mass. 505; *Haynes* v. *Carr*, 70 N. H. 463.)

*Edward A. Washburn* for Edward C. Atwater et al., defendants, appellants. The legacy in Mrs. Kenny's will to Richmond Hose Company No. 2 vested in the company at the time of her death, but attached to this legacy was a condition subsequent of a lawful nature, with an express gift over of the legacy upon breach of the condition, upon which breach the legacy was to become divested and pass to the parties to whom the gift over was made. (*Hogan* v. *Curtin*, 88 N. Y. 171; *Matter of Vandevort*, 62 Hun, 614; *Bryant* v. *Thompson*, 59 Hun, 549; 128 N. Y. 426; *Matter of Wall*, 76 Misc. Rep. 109; *Matter of Arrowsmith*, 162 App. Div. 628; 213 N. Y. 704; *Robinson* v. *Martin*, 200 N. Y. 159.) The acts of the

company have amounted to a breach of this condition, by reason of which the legacy is now the property of the plaintiff and of the defendants who are children of Mr. Atwater. (*Matter of Vandevort,* 62 Hun, 614; *Bryant* v. *Thompson,* 59 Hun, 549; 128 N. Y. 426; *Matter of Wall,* 76 Misc. Rep. 109.) There is no force in the contention of counsel for the Richmond Hose Company that the provisions of the will relating to this legacy are in conflict with the statutes of the state of New York against the suspension of the power of alienation. (*Fosdick* v. *Town of Hempstead,* 125 N. Y. 594; *Holmes* v. *Mead,* 52 N. Y. 339; *Wetmore* v. *Parker,* 52 N. Y. 450; *Matter of Wesley,* 43 N. Y. S. R. 952; 136 N. Y. 638; *Matter of Griffin,* 5 App. Div. 106; *First Presbyterian Church* v. *McKallor,* 35 App. Div. 98; *Gilbert* v. *Peteler,* 38 N. Y. 165; *Post* v. *Weil,* 8 Hun, 418; *Plum* v. *Tubbs,* 41 N. Y. 442.) The bequest over in the 34th clause of the will was sufficient to vest this legacy in Sherman and Atwater upon the breach of the condition. (*Nicoll* v. *N. Y. & E. R. R. Co.,* 12 Barb. 465; 12 N. Y. 121; *Bingham* v. *Weiderwax,* 1 N. Y. 509.) The Appellate Division was in error in awarding the fund to the city of Batavia to be used by it to assist in the extinguishment of fires. (*Fairchild* v. *Edson,* 154 N. Y. 199; *Matter of Keleman,* 126 N. Y. 73.)

*Charles D. Newton,* Attorney-General (*Alexander T. Selkirk* of counsel), and *James Le Seur* for respondents. The gift to the hose company constituted a valid public charity. (*Williams* v. *Williams,* 8 N. Y. 525; *Vidal* v. *Girard,* 2 How. 194; *Shotwell* v. *Mott,* 2 Sandf. Ch. 46; *Ould* v. *Washington,* 95 U. S. 303; *British Museum* v. *White,* 2 Sim. & Stu. 596; *Matter of MacDowell,* 217 N. Y. 454; *Coggeshall* v. *Pelton,* 7 Johns. Ch. 292; *Matter of Bartlett,* 163 Mass. 509; *Stuart* v. *City of Easton,* 74 Fed. Rep. 854; *Burr* v. *City of Boston,* 208 Mass. 537.) The hose company having ceased to exercise its functions

30

the court will make such directions as will perpetuate the purposes of the gift. (*Trustees* v. *Carmody*, 211 N. Y. 286; *Matter of MacDowell*, 217 N. Y. 454; 2 Story's Eq. Juris. [4th ed.] 581, § 1173; 4 Halsbury's Laws of England, 180; *Spiller* v. *Maude*, L. R. 32 Ch. D. 158; *Incorporated Society* v. *Price*, 1 Jo. & Lat. 498; 7 Ir. Ch. 260; *Clephane* v. *Edinburgh*, L. R. 1 H. L. [Sc.] 417; *Centennial & Memorial Association of Valley Forge*, 235 Penn. St. 206; *Duke* v. *Fuller*, 9 N. H. 536; *Summer Lodge* v. *Odd Fellows Home*, 77 N. J. Eq. 386; *Read* v. *Willard Hospital*, 215 Mass. 132; *Bliss* v. *Linden Cemetery Assn.*, 87 Atl. Rep. 224.)

ANDREWS, J. Mrs. Kenny died in 1905. By her will she bequeathed $10,000 to the Richmond Hose Company " to be kept at all times intact and the income derived from the safe and judicious investment thereof to be devoted to the reasonable and proper uses of said company for whatever purposes its members acting as an organization may see fit to direct." If, however, this legacy for any reason " shall lapse or fail or for any cause not take effect in whole or in part " she bequeathed it to Mr. Sherman and Mr. Atwater or to the one who survived her. Mr. Atwater died in 1910.

The Richmond Hose Company was a corporation organized in 1883 under chapter 397 of the Laws of 1873, for the purpose of aiding in the suppression of fires in the village of Batavia. It could only engage under the statute in such business as properly belongs to hose companies. In taking part in the prevention of fires it was placed under the control and subject to the orders of the village fire authorities. Annually its trustees must file an inventory of its property and an affidavit that it has not directly or indirectly engaged in any other business. Before its certificate of incorporation could be filed it had to be approved by the trustees of the village. It might take and hold personal property bequeathed to

it and it was further said to be capable of taking and holding property for the purpose of its incorporation and for no other purpose. It was named after Dean Richmond, the father of Mrs. Kenny. To it the legacy was paid in 1906.

This gift created no trust. And the title of the property vesting at once there was no suspension of its ownership or of its alienability. (*Matter of Griffin,* 167 N. Y. 71; *Wetmore* v. *Parker,* 52 N. Y. 450.) The purpose for which the gift was made is reasonably clear. The income is to be applied " to the proper uses of the company." These purposes are defined by its certificate of incorporation and by the statute. They are uses incidental to the end of fire protection for the village.

Whether the hose company is a charitable corporation within the meaning of that term wherever it may be used in our statutes we need not decide. Section 61 of the Real Property Law (Cons. Laws, ch. 50) as to accumulations and section 221 of the Tax Law (Cons. Laws, ch. 60) as to taxable transfers refer generally to such corporations. So does section 4 of the Tax Law, but this latter reference was not thought sufficient to cover the real property of an incorporated association of volunteer firemen (Sec. 4, subd. 8). Yet the provision that formerly existed as to the amount that might be given by will to a body incorporated under chapter 397 by one having a wife, child or parent has been repealed very possibly with the idea that the matter is sufficiently covered by section 17 of the Decedent Estate Law (Cons. Laws, ch. 13). Be that as it may, it is certainly a charitable corporation and this is a charitable bequest in the broader sense of the term.

The doctrine of charitable uses involving the idea of a trust and indefinite beneficiaries did not become part of the law of New York. (*Holmes* v. *Mead,* 52 N. Y. 332.) We thought it better to limit a charitable gift in perpetuity to those instances where it was made absolutely

to a corporation whose objects were approved by the legislature and which was authorized to accept it under such conditions as the legislature might impose. (*Levy v. Levy*, 33 N. Y. 97; *Holland v. Alcock*, 108 N. Y. 312.) Yet the kind of uses called charitable are of assistance in deciding what is a charitable purpose. The statute of 43 Elizabeth enumerates what were considered charitable uses, and subsequently a charitable use was said either to be one included in this enumeration or one created for some analogous public purpose. The statute spoke of such a use as for the repairs of bridges and highways as well as of uses for religious, educational and benevolent purposes, and it was held that a charitable use is not confined to the relief of the poor or to the assistance of learning and religion, but includes the advancement of objects of general public utility. Thus a trust that tends to reduce taxation and lessen the burdens of government was a charitable use. (*Trustees of Newcastle Common v. Megginson*, 1 Boyce [24 Del.], 361; *Matter of Graves, etc.*, 242 Ill. 23; *Coggeshall v. Pelton*, 7 Johns. Ch. 292; *Burbank v. Burbank*, 152 Mass. 254.) Such is a gift to maintain public parks (*Burr v. City of Boston*, 208 Mass. 537); or to plant shade trees (*Cresson's Appeal*, 30 Penn. St. 437); to buy life boats (*Matter of Richardson*, 56 L. J. Ch. 784); to pave and light streets and furnish water (*Attorney-General v. Heelis*, 2 Sim. & Stu. 67); to benefit and ornament a town (*Mayor, etc., of Faversham v. Ryder*, 5 DeG., M. & G. 350); to support bridges (*Porter's Case*, 1 Coke, 26); or finally to benefit a volunteer military corps (*Alt v. Stratheden*, 3 Chan., 1894, 265). In view of these decisions there can be little question that as has been held in Pennsylvania a bequest to a fire company is given for charitable purposes. (*Bethlehem Borough v. Perseverance Fire Co.*, 81 Penn. St. 445.) The case of *Neptune F. E. & Hose Co. v. Board of Education* (166 Ky. 1) is not in conflict with these views. The definition of the Kentucky statutes as to a public charity, the purposes of this

particular corporation as defined in its act of incorporation, its freedom from public control and the failure to impose upon it any public duties, differentiated it from such a corporation as that which we are now considering.

The bequest we are considering was given for the advancement of an object of general public utility. It was for a public purpose even if this purpose was not charitable within the common and narrow sense of the words. (*British Museum* v. *White,* 2 Sim. & Stu. 596.) It does carry the implication of public benefit, and " when the purpose accomplished is that of public usefulness unstained by personal, private or selfish considerations, its charitable character insures its validity." (*Matter of MacDowell,* 217 N. Y. 454, 460.) The mere fact that the gift is intended as a memorial does not affect its public character. (*Wilcox* v. *Attorney-General,* 207 Mass. 198.)

It being, therefore, for a charitable purpose, to a corporation authorized to receive it, the hose company held this legacy for ten years. It took it for the purpose of its organization. To this end it was bound to devote it. To divert it to other purposes would have exceeded its powers. To do so would subject it to action by the state. (*Matter of Griffin,* 167 N. Y. 71; *Mormon Church* v. *U. S.,* 136 U. S. 1, 57.)

In 1915 the village of Batavia was dissolved and the city of Batavia took its place. It was determined that the city should have a paid fire department. The Richmond Hose Company as a consequence decided to dissolve and voluntary proceedings for that purpose were begun. A contest immediately arose as to the disposition which should be made of Mrs. Kenny's legacy and it is to settle that contest that this action was begun.

As this bequest was of personal property, assuming it was upon a condition subsequent, the condition would not become operative unless upon its breach there was a gift over and a general gift of the residue is not such a gift

over. (*Matter of Arrowsmith*, 162 App. Div. 623; affd., 213 N. Y. 704.)   We do not understand, however, that any claim to this fund is made by the administrator and trustee of Mrs. Kenny's estate.

It is said, however, that the gift to the hose company was subject to a conditional limitation.   The contingency which limited the title of the company has arisen.   Therefore the title vests either in Mr. Sherman or in him and in the next of kin of Mr. Atwater.   It is difficult to see any basis for the first claim.   Concededly, the limitation over, if one there be, was to them as individuals and not as trustees.   Whatever title vested in them on Mrs. Kenny's death vested in them as tenants in common.   Such an expectant estate is descendible and alienable.   But unless some estate did in fact vest in one or both, we need not discuss their respective rights.   It is, however, just to note that Mr. Sherman disclaims any desire to take the fund for his individual benefit.   He wishes to use it for such charities as he believes Mrs. Kenny would approve.

Is the gift which vested in the hose company, therefore, subject to a conditional limitation?   Was that the intention of the testatrix?   Does the language of the will require such a construction?   If " the legacy shall lapse or fail or for any cause not take effect."   It is conceded that at the time of Mrs. Kenny's death it neither lapsed nor failed and that it did take effect.   But it is said that a condition is to be implied and if at any time thereafter the legatee was dissolved, then the legacy failed and the condition was broken.   We cannot think so.   In construing the will it is to be remembered that such conditions are not favored.   The intention to create them must clearly appear.   (*Rose* v. *Hawley*, 118 N. Y. 502.)   The gift to the hose company is absolute in its terms.   As we have seen it creates no trust.   It is true the principal is to be kept intact but the income is to be used for fire purposes.   We cannot find that such a gift has ever been held to impose a condition.   (*Mormon Church* v. *U. S.*, 136

U. S. 1.)  Further, the gift over speaks as of Mrs. Kenny's death.   Then it is to be decided whether the legacy has lapsed or failed or does not take effect.   A lapsed legacy " is one that has never vested or taken effect." (*Booth* v. *Baptist Church of Christ,* 126 N. Y. 215, 242.) The word " failed " has a similar meaning.   That such was her intent appears from the will itself.   The thirty-fourth clause refers to the failure of the legacy to the hose company and certain other similar legacies.   The next clause provides that if any other devise or bequest is adjudged to be invalid then the property affected by such adjudication shall be held in trust for a niece.   This is some indication of the meaning of the word " fail " as understood by the testatrix and that it was not a failure that might take effect some time in the indefinite future. Next, the gift over was to Mr. Sherman and Mr. Atwater " or to the survivor in case one of them should die before me.   In the use of the same I am satisfied they will follow what they believe to be my wishes."   She might well trust men whose high character she knew.   Is it possible she contemplated reposing the same trust in their unknown next of kin, who might be entitled to the legacy if at any time in the future the hose company was dissolved?   Finally, if interpreted as desired by the appellant the bequest would violate the statute, and no such interpretation should be given unless the will shows beyond mistake that such was the intent of the testatrix. A fee may be limited on a fee, on a contingency, but the contingency must occur within a period to be measured by lives.   (*Matter of Wilcox,* 194 N. Y. 288; *Walker* v. *Marcellus & O. L. Ry. Co.* 226 N. Y. 347.)   The rules as to future and contingent interests in real and in personal property are the same.   (Personal Property Law [Cons. Laws, ch. 41.], sec. 11.)

We have left, therefore, the conflicting claims of the members of the hose company to whom the Special Term awarded the fund and the city of Batavia to whom it was

given by the Appellate Division in trust to be used for the protection of its inhabitants against fire. Holding as we do that this was a bequest for a charitable purpose to a corporation ·authorized by its charter to receive bequests for that purpose the answer to this problem is clear. Upon the dissolution of such a corporation, personal property bequeathed to it, dedicated to public and charitable purposes, was disposed of by the state with due regard to the objects to which it was dedicated. It was not the property of the corporation to be divided among its members as would be the property of a purely private or business corporation. It held the property in trust — not a trust imposed by the donor but by the charter which required the corporation to perpetually devote its funds to such purposes. (*Mormon Church* v. *U. S.*, 136 U. S. 1; *Centennial & M. Ass'n*, 235 Penn. St. 206; *Duke* v. *Fuller*, 9 N. H. 536; *Sumner Lodge* v. *Odd Fellows Home*, 77 N. J. Eq. 386; *Mason* v. *Atlanta Fire Co.*, 70 Ga. 604.) To hold otherwise would be to permit the destruction of the greater part of the charitable bequests made in this state during the last century.

In this state jurisdiction on its behalf ·to supervise the due administration of corporations has been confided in the Supreme Court. To it was given power to prevent the dissipation of their funds. When dissolution came it either appointed officers to see that those funds were properly distributed, or itself provided for such distribution. In the case of a charitable corporation it would require the personal property to be applied to such charitable purposes as the state might direct. In 1893, however, by the so-called Tilden acts, greater power was conferred upon it. These acts (now section 12 of the Personal Property Law and section 113 of the Real Property Law) did more than make applicable to this state the doctrine of charitable uses. They authorized the court itself to apply the *cy pres* rule not only where a trust existed but where property had been devised or

bequeathed to a corporation authorized to take and hold it for charitable purposes. If circumstances have so changed that a literal compliance with the terms of the gift is impracticable, then it may order the gift to be administered so as best to accomplish its purpose. Over such gifts it is given general control and while it is said the court may make such an order " on the application of the trustee or the person or corporation having the custody of the property " the language should not be construed as limiting the power of the court to act only when application is so made. It may act on information by the state. It may act of its own motion.

Such is the situation in the case at bar. Asked to award this fund to individuals, the court has refused so to do. It has held that it is impressed with a public trust. It has said that it results from a gift for charity. It has determined that to award it to the city of Batavia, to be held in trust for fire protection will most effectually accomplish the general purpose of the bequest under which the fund was created. The exercise of the *cy pres* doctrine always involves a large measure of discretion. Nothing in the record before us shows the improper exercise of that discretion.

The judgment appealed from should be affirmed, with costs in this court against the appellants.

POUND, J. (dissenting). The gift to the hose company is absolute. It creates no trust. It does not revert to the Kenny estate. The intention expressed by the testatrix is that it should be kept intact and the income devoted " for whatever purposes its members acting as an organization may direct " so long as they might be " reasonable and proper uses of said company." She is talking about its uses and purposes *de facto* as known to her, rather than its uses and purposes *de jure*. Plainly these words and the surrounding circumstances imply a gift to the Richmond Hose Company because it was

named in honor of Dean Richmond, the father of testatrix, rather than a purpose to aid in the suppression of fires in the village of Batavia or to reduce taxation. She viewed the company as a memorial agency rather than as a protective agency. Her aim was to continue to make the company important and attractive and a credit to the great man whose name it bore after her personal benefactions had ceased by reason of her death. A volunteer fire company often has, as this company had, social purposes as well as purposes of fire protection. A keen rivalry sometimes exists between companies in this regard. Such organizations serve to keep the name of their patron before the public in a manner gratifying to his self-esteem. The social standing of a prominent fire company in a village or its appearance " on parade " thus gives it prestige and induces others to seek membership to share in the pleasures as well as to bear the burdens of the organization. It is a social club to an extent, although in a technical sense an eleemosynary corporation.

If I understand the *Mormon Church Case* (136 U. S. 1) properly, it decides nothing except that Congress had power to forfeit and escheat to the United States the property of the Mormon church obtained or held in violation of the statutes to prevent and punish the practice of polygamy, and is not controlling here on the question of the disposition of the fund.

The legal entity, the corporation which held title, is dead. As it would have been acting *ultra vires* had it used the principal — or interest except for the purposes of the organization — so I think that it would be unreasonable to permit the members now to divide the fund among themselves, free from any legal or equitable obligation in favor of anybody. But in disposing of the money, it must be remembered that so far as Mrs. Kenny was interested in firemen, it was in *volunteer* firemen as represented by one company. As the

fire department in a city changes from a volunteer service
to a paid service, it has been the custom of the exempt
or veteran volunteer firemen to organize for benevolent
or charitable purposes under the Membership Corpora-
tions Law. (Cons. Laws, ch. 35.) Such organizations
are recognized as subordinate governmental agencies.
(*Trustees of the Exempt Firemen's Benevolent Fund of
the City of New York* v. *Roome*, 93 N. Y. 313.) They may
share in the tax on foreign fire insurance corporations.
Ins. Law [Cons. Laws, ch. 28], § 133.) The exempt
volunteers no longer render their services but they are
recognized for the services they have rendered. They
also have their social features, their parties and parades,
their club rooms or houses. I assume that Batavia has
or might have such an organization. The fund should,
consistently with the original purposes of testatrix, be
turned over to it under the direction of the court. The
former members of Richmond Hose and other veteran
volunteer firemen would then receive the benefit. It
should be set apart as " The Dean Richmond fund estab-
lished by Adelaide Richmond Kenny " and " be kept at
all times intact, and the income derived from the safe and
judicious investment thereof to be devoted to the reason-
able and proper use of said (association) for whatever
purposes its members, acting as an organization, may see
fit to direct."

The judgment of the Appellate Division should be
modified in accordance with this opinion and as so
modified affirmed, without costs.

CRANE, J. (dissenting). By the thirtieth clause of
her will Adelaide Richmond Kenny of Batavia, New York,
disposed of a legacy of $10,000 as follows:

" To Richmond Hose Company, No. 2, of Batavia, I
give and bequeath Ten thousand dollars, to be kept at all
times intact, and the income derived from the safe and
judicious investment thereof to be devoted to the reason-

able and proper uses of said company, for whatever purposes its members, acting as an organization, may see fit to direct."

The thirty-fourth clause of the will reads as follows:

" If for any reason the legacies contained in this Will to any of the church societies, to the Young Men's Christian Association, The Women's Hospital Association, the Trustees of Union Free School District Number Two of the Town of Batavia, the Batavia Cemetery Association, Richmond Hose Co. No. 2, or the bequest of Six thousand dollars to the Holland Purchase Historical Society, or any one or more of said legacies, shall lapse or fail, or for any cause not take effect in whole or in part, I give and bequeath the amounts which shall lapse or not take effect to Reverend Addison M. Sherman and Edward W. Atwater, of Batavia, N. Y., or to the survivor in case one of them should die before me. In the use of the same I am satisfied that they would follow what they believe to be my wishes as derived from the will. I impose upon them, however, no conditions, leaving the same to them absolutely and without condition or restriction."

The will was admitted to probate by the surrogate of Genesee county on the 20th day of March, 1905, and thereafter and on the 10th day of May, 1906, this legacy of $10,000 was paid over to the Richmond Hose Company, No. 2.

Soon after its receipt this legacy was invested in bond and mortgage upon real estate and the income thereof devoted to the purposes of the company.

This company was organized at the village of Batavia in the year 1865 as an unincorporated fire company for the purpose of extinguishing fires. On March 31st, 1883, it was incorporated as part of the volunteer fire department of the village of Batavia, Genesee county, New York. It is a membership corporation of forty-four members who have an equal interest in its assets. It is solvent and has no liabilities.

The village of Batavia was incorporated into the city of Batavia by chapter 354 of the Laws of 1914, and thereafter a paid city fire department was substituted for volunteer service and the Richmond Hose Company, No. 2, by law, resolution of the common council and by vote of the taxpayers in April of 1916, was disbanded and obliged to give up its fire headquarters.

This case involves the disposition of the $10,000 legacy above referred to which is still intact and in the possession of the hose company.

There are three sets of claimants. The plaintiff claims the fund under clause 34 of the will as a lapsed legacy. The defendant members of the hose company claim it as property of this membership corporation to which they are entitled after dissolution. The city of Batavia claims it under section 12 of the Personal Property Law as the nearest application to the testatrix's intention. The city was not an original party to the action, but was made a party by the Appellate Division which considered the bequest a charity. It reversed the decision of the trial court which gave the fund to the members of the hose company and awarded the money to the city of Batavia.

In my judgment the trial court was right in the disposition of this legacy. It was a gift outright to the Richmond Hose Company, No. 2. It was not a charitable trust, nor a gift upon condition. Neither did the legacy lapse or fail to take effect under the provisions of clause 34 of the will above referred to.

The legacy in question cannot go to the executors or the plaintiff in this case as the legacy has not lapsed. It was paid over directly to the corporation in 1906 and has been held by the corporation as part of its funds ever since. During this time the corporation has disposed of its income for such purposes as it deemed proper. The legacy to lapse must never vest, something must happen between the time of the making of the will and the death of the testator so that it is impossible for the beneficiary to

take the legacy at the death of the testator. (*Booth* v. *Baptist Church of Christ*, 126 N. Y. 215, 242.) Out of the assets of the testatrix all of the legacies were paid in full, including this one to the hose company.

The gift to the hose company is absolute and complete. It is " I give and bequeath $10,000 to the Richmond Hose Company, No. 2 of Batavia." It is insisted that the words which follow, " to be kept at all times intact and the income derived from the safe and judicious investment thereof to be devoted to the reasonable and proper use of said company, for whatever purposes its members, acting as an organization, may see fit to direct," make this a conditional gift, a condition which may act subsequently to divest it.

Assuming, that the hose company did not keep the fund intact and had used some of the principal, this would not, in my opinion, have shifted the legacy to anybody else. There was no gift over in case the condition, if it be one, was broken. Such a provision as this is not enforceable unless there be a gift over in case of breach. A general gift of the residue is not a gift over. (*Matter of Arrowsmith*, 162 App. Div. 623; affd., 213 N. Y. 704.)

Then again, such a condition as this could not operate to divest the hose company of its property as the failure to comply with the condition, if it be one, was not voluntary, but involuntary and as such could not operate for such a purpose. (*Martin* v. *Ballou*, 13 Barb. 119.) Richmond Hose Company, No. 2, ceased to act as an organization by reason of operation of law and the creation of the city of Batavia. *Scovill* v. *McMahon* (62 Conn. 378) held that a condition was not broken where its fulfillment became impossible because of some act of the sovereign power.

Moreover, to give this fund to an individual after the dissolution of the corporation upon the theory of a condition subsequent would, to my mind, violate the law against perpetuities. (Personal Property Law [Cons.

Laws, ch. 41], § 11; Gray's Rules against Perpetuities, § 214; *Crerar* v. *Williams,* 145 Ill. 625; *Matter of Wilcox,* 194 N. Y. 288.)

In the next place I do not consider that this provision in the will created any trust. It is not unlike the provision in *Matter of Griffin* (167 N. Y. 71, 84) where CULLEN, J., said, " such a gift, though the corporation may be instructed to maintain the principal intact and use the income only for a specific purpose, does not create a trust."

The *cy pres* doctrine which was made use of by the Appellate Division only applies to the charitable trusts or bequests mentioned in section 12 of the Personal Property Law. Even if this be considered a bequest for certain purposes it was not a charity within section 12 of the Personal Property Law. (*Matter of Shattuck,* 193 N. Y. 446.)

The purposes for which this fund were to be used were neither religious, educational, charitable or benevolent. Neither were the beneficiaries indefinite or uncertain. The law requires that the use shall be public and not for the benefit of private institutions or individuals; it must exclude any right to use the moneys for other than charity or the public generally. It cannot have the effect of a private bounty. These voluntary fire departments, we all know, were as much social organizations as public utilities. Entertainments, parades, dances were part of the attraction; fires were but the occasional excitement. Nothing in this will restricted the use of the money to fire purposes. All this income could have been legally spent on refreshments and music. The intent was to benefit the members, not the public. Mrs. Kenny could have given $10,000 to the hose company absolutely. Nothing in the law would have prevented such a gift. At dissolution and payment of debts the property would go to the members. (Gen. Corp. Law [Cons. Laws, ch. 23], §§ 177, 264, and the stipulated facts in this case.)

Is this not what Mrs. Kenny actually intended? The hose company named after her father by the village boys was her special consideration. She was not thinking of fires and fire apparatus. The *persons* of the company, not the *house owners* of Batavia were to be the recipients of her bounty. " The income * * * to be devoted to the * * * uses of said company for whatever purposes its members * * * may see fit to direct." If the income was to be devoted to receptions and dances, balls or parades would it have been a public and charitable use? Such, no doubt, were the purposes for which some of the money was spent. The will authorized such use. (*Old South Society* v. *Crocker*, 119 Mass. 1; *Neptune Fire Engine & Hose Co.* v. *Bd. of Education*, 166 Ky. 1; *Hopkins* v. *Crossley*, 138 Mich. 561; *Mason* v. *Perry*, 22 R. I. 475; *City of Bangor* v. *Rising Virtue Lodge*, 73 Me. 428; Perry on Trusts [6th ed.], 726.)

My conclusion, therefore, is as follows: The plaintiff cannot take upon any theory of lapsed legacy or gift over upon a condition subsequent; the city of Batavia cannot take as there was no charitable use or trust created and the *cy pres* doctrine does not apply; the gift to the Richmond Hose Company, No. 2, was an absolute gift and upon dissolution the $10,000 passes like the rest of its property to the members of the corporation.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in all the courts.

HISCOCK, Ch. J., HOGAN, CARDOZO and McLAUGHLIN, JJ., concur with ANDREWS, J.; POUND and CRANE, JJ., read dissenting opinions.

Judgment affirmed, etc.