Owen McGivern, J.
This is an application to compel the officers of a membership corporation to file an inventory and account. Section 26 of the Membership Corporations Law provides that every membership corporation shall be subject to visitation by a Justice of this court. Such section further provides: “If it appears by the verified petition of a member * * * of any such corporation, that it, or its directors, officers or agents, have misappropriated any of the funds * * * of the corporation, or diverted them from the purpose of its incorporation,” the court may order the filing of an inventory and account ‘' with a detailed statement of its transactions during the twelve months next preceding the granting of the order.”
*558 The facts disclosed herein come precisely within the purview of section 26 of the Membership Corporations Law. It is not denied that at a recent meeting the members, officers and directors of the respondent corporation voted to pay to themselves compensation for past services. While payment for services rendered by officers and directors may, under section 47 of the Membership Corporations Law, be authorized by a two-thirds vote of the directors, there appears to be no basis for the payment to petitioner. The answering affidavit states: “ Since Mr. Green has been a member of this corporation he has done nothing to assist in the management of same. He has never performed any service that benefited the corporation, and all he has ever done was to pay his dues. However, since he was a member at this time it was felt that he should receive some benefits, and hence he was voted $150.00.”
Provision for payment to a mere member who rendered no services was improper., and casts doubt on the entire resolution. It would appear that what in fact happened is that the remaining members decided to divide the assets among themselves.
The chief purposes of the respondent corporation are charitable in nature. Under such circumstances, distribution among members, even on dissolution, would be improper (Sherman v. Richmond Hose Co., 230 N. Y. 462 [1921]). That case holds that on dissolution of a charitable corporation, the Supreme Court will see to it that the corporate funds are applied to a charitable purpose (p. 472),. and that the court may act on its own motion (p. 473). Accordingly, it makes no difference for present purposes that petitioner signed the resolution in question and that therefore he might be estopped to object thereto.
The motion is granted to the extent of directing the directors of the corporation to file, within 30 days after service upon their attorney of a copy of the order to be settled hereon, with notice of entry, an inventory and account of the property, effects and liabilities of the corporation, with a detailed statement of its transactions during the 12 months next preceding the entry of such order. Pursuant to section 26 of the Membership Corporations Law, Leo H. Hirsch, Jr., Esq., of 25 Broad Street, New York, N. Y., is appointed Referee to take and state the account of the property and liabilities of the corporation. Further relief is held in abeyance pending the filing of such inventory, account and statement and the referee’s report.
Settle order.