THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* NATIONAL CANCER HOSPITAL OF AMERICA, Appellant, et al., Defendants. BETHUEL M. WEBSTER, Respondent.

First Department, June 10, 1958.

*Albert Adams* of counsel (*Ferris, Adams & Creidy,* attorneys), for appellant.

*Daniel M. Cohen* of counsel (*Paxton Blair* and *Jerome O. Glucksman* with him on the brief; *Louis J. Lefkowitz, Attorney-General,* attorney), for the People of State of New York, respondent.

*Whitman Knapp* (*David D. Brown, III,* and *Martin F. Richman* with him on the brief; attorney), for Bethuel M. Webster, respondent.

*Per Curiam.* Defendant hospital appeals from an order granting a cy pres distribution of funds in the amount of $55,000 to various charities concerned with cancer research, care and treatment. The order was made subsequent to a judgment rendered after trial, which judgment was modified in this court and thereafter affirmed as modified in the Court of Appeals (284 App. Div. 935; 285 App. Div. 871; 1 N Y 2d 802).

Defendant hospital contends that upon the application to make cy pres distribution there was no proper foundation before the court, either from prior proceedings on the trial, or from the proceedings on the motion, which empowered the court to direct the distribution. Respondent receiver and the People, on the other hand, argue that the basic facts necessary to sustain cy pres distribution were established upon the trial. They argue further that defendant hospital had the opportunity on the hearing of this application to raise any issues appropriate to the granting now of the order for cy pres distribution, and, if so, concerning the recipients of the funds to be so distributed.

The judgment in this case, obtained after trial, rested not only on the first cause of action in the complaint but also on the pleading and proof establishing grave improprieties and misrepresentation in the solicitation and collection of funds. This appears not only from the judgment but also from the oral decision, despite the obvious informality and courteous avoidance of harsh characterization of the facts found. The subsequent modification of the judgment, affirmed in the Court of Appeals, did not narrow the factual or legal basis for the judgment, but merely postponed the taking of ancillary action with respect to cy pres distribution of the remaining funds. No findings were changed, and the authority and responsibility of

the receiver were continued, otherwise unaffected. Conse-quently, all that remained thereafter was, at the proper time, for the receiver to apply for an appropriate distribution. On such application, there was no warrant to establish once again what had already been determined upon the trial, namely, the improprieties and misrepresentations in connection with the solicitation and collection of funds. All that was now required was merely to consider the present appropriateness for making cy pres distribution, and if so, determining the recipients of such distribution.

On the application, from which the present appeal stems, appellant was provided the opportunity to be heard on the narrow issues involved. It was not, as noted before, entitled to retry any portion of the case previously determined and carried into the judgment, which, as modified, and thereafter affirmed, is the law of the case. Indeed, even the issue raised as to the general authority to make a cy pres distribution under subdivisions 2 and 4 of section 12 of the Personal Property Law, as adapted to implement the inherent power of the court (*Sherman* v. *Richmond Hose Co.,* 230 N. Y. 462), was passed upon in the earlier appeals. It was only the time for such action which was postponed as premature under the statute, at the same time that the court commented on the vagueness of the cy pres direction then eliminated from the judgment (285 App. Div. 871, *supra*).

Accordingly, the order as resettled should be affirmed, on the law and on the facts, and in the exercise of discretion, with costs to respondents against appellant.

BOTEIN, P. J., BREITEL, RABIN, FRANK and McNALLY, JJ., concur.

Resettled order unanimously affirmed, with $20 costs and disbursements to the respondents.