Lewis W. Olliffe, J.
Petitioner seeks to have declared null and void an amendment to respondent corporation’s by-laws with respect to an election of officers, the election of directors elected at a special meeting of respondent and the election of officers and directors at an annual meeting on the ground that *475 the acts complained of were in pursuance of an illegal by-law adopted by the directors of respondent in that such by-law is inconsistent with and contrary to the provisions of the Membership Corporations Law which provides for the election of directors by members of such corporations.
The New York State Council Knights of Columbus Foundation is a charitable corporation. Chapter 511 of the Laws of 1957 reads as follows:
1 ‘ AN ACT to amend chapter seventy of the laws of nineteen hundred twenty-six, entitled ‘ An act to incorporate the Knights of Columbus Hospital Association of the state of New York,’ in relation to change of name and the powers and objectives of such corporation

* * *

“ § 2. The particular objects for which this corporation is organized are: (a) to increase and strengthen among its members the spirit of religion, charity and benevolence; (b) to provide voluntary financial assistance for hospitalization or infirmary care, and for the furnishing of medical or surgical care, to such persons as the corporation may determine; (c) to foster a more general knowledge of, and regard for, Catholic educational principles, and to award to such persons as the corporation may determine, scholarships and fellowships in colleges and universities, conducted under Catholic auspices for undergraduate and graduate work; (d) to perform such other works of religion, charity and benevolence as the corporation may determine, * * *
“ § 5. The affairs of the corporation shall be under the supervision, direction, and control of a board of not fewer than seven or more than thirty-three directors. The number of directors, the method of selection and the qualifications of directors, as well as the date for the annual meeting of the corporation shall be fixed by the by-laws of the corporation. The directors of the corporation in office at the time this act takes effect, shall continue in office, unless a vacancy occurs, until their successors are elected and have qualified.”
The Legislature has the power to amend, annul or repeal a corporate charter. Any alteration may be made to promote due administration of the affairs of the corporation (Tomlinson v. Jessup, 15 Wall [U. S.] 454).
A member of a charitable corporation does not have a vested right to vote for its directors or trustees, as he has no interest in the property of the corporation. If the corporation were dissolved, the funds would not be awarded to the individual members. A charitable corporation may change its method of *476 electing directors of such a corporation so that the board of directors shall be self-perpetuating and the members of the corporation shall have no vote (Matter of Mount Sinai Hosp., 250 N. Y. 103).
The provisions of section 5 of chapter 511 of the Laws of 1957 govern the acts of respondent rather than the general provisions of the Membership Corporations Law and the amendment to respondent’s by-laws and the elections pursuant thereto were in accordance with respondent’s charter and by-laws.
Petitioner has failed to show that respondent’s acts were illegal or. void or that he is entitled to the relief prayed for either in law or in equity. The petition is dismissed and the stay heretofore granted herein is vacated.