Burke, J. (dissenting).
There is nothing in the record to indicate an abuse of the discretion possessed by the Surrogate and the Appellate Division.
We have said that “ The exercise of the cy pres doctrine always involves a large measure of discretion ” (Sherman v. Richmond Hose Co., 230 N. Y. 462, 473; City Bank Farmers Trust Co. v. Arnold, 283 N. Y. 184, 195). It was, therefore, the duty of the Surrogate to provide that the funds should be administered in such manner as in his opinion would best serve the purposes for which the testator intended his property to be used.
When the courts below have had to exercise a judgment in regard to the ways and means of carrying out a testamentary purpose of a decedent which cannot be precisely accomplished, we are not empowered to substitute our opinions in place of theirs unless the uses commanded by the Surrogate constitute as a matter of law an improper exercise of discretion.
In this case the decree, which directs that the assets of the trust should be applied under the aegis of the church and in the name of the Scott Memorial Fund to the care of persons suffering from respiratory and thoracic diseases, is in accord not only with the purposes of the trust as expressed in the will, but also with that part of the resolution of the vestrymen of the church which proposes to set aside approximately 70% of the trust funds on hand for the care of.persons suffering from tuberculosis through a program to be instituted by the church at St. Luke’s Hospital or other Episcopal hospitals.
Where an appellant thus agrees with the finding of the Surrogate as to the dominant charitable purpose of the testator, we can hardly decide as a matter of law that the Surrogate and the Appellate Division must be held to have improperly exercised the discretion entrusted to them in failing to authorize the use of the balance of the fund for a purpose which, albeit worthy, is quite different.
The order appealed from should be affirmed, with costs in this court to all parties.
Judges Dye, Froessel and Foster concur with Judge Van Voorhis; Judge Burke dissents in an opinion in which Chief Judge Desmond and Judge Fuld concur.
Order reversed, etc.