■ In the Matter of G. Gary Sousa, Appellant, v. New York State Council Knights of Columbus Foundation et al., Respondents.— In a proceeding under article 78 of the Civil Practice Act, (a) to declare invalid an amendment of the by-laws of a charitable membership corporation, (b) to declare invalid certain elections of officers and directors of such corporation, and (c) for other relief, the petitioner appeals from an order of the Supreme Court, Kings County, dated August 2, 1960, dismissing his petition. The questioned amendment of the by-laws was adopted by the corporation's board of directors on January 17, 1960, pursuant to a power conferred on it by the charter and by-laws. The amendment increased the number of directors from 9 to 13; it also empowered the board of directors to fill any vacancies in said board, which arose from any cause (including enlargement of the board), by its immediate election of interim directors to hold office until the next annual meeting of the members. Immediately after adoption of this amendment, the board elected four additional directors to serve until the next annual members' meeting. The questioned election of officers and directors occurred at the next annual members' meeting in May, 1960, which concededly did not have a quorum present unless the four additional interim directors elected by the board be counted as members. Petitioner contends: (a) that section 45 of the Membership Corporations Law requires that directors be elected by the members; (b) that the members had a vested right to vote for directors, and the by-law depriving them of such right was invalid; (c) that there was not a quorum present at the members' meeting in May, 1960, and the election of directors thereat was void; and (d) that equity requires the voiding of the questioned by-law and elections. Order affirmed, without costs. The subject corporation was created by a special statute; it is controlled not by the Membership Corporations Law but by the special statute which created it (Membership Corporations Law, § 2; *Bailey* v. *American Soc., Prevention of Cruelty to Animals*, 282 App. Div. 502, affd. 307 N. Y. 679); hence, section 45 of the Membership Corporations Law is inapplicable (*Bailey* v. *American Soc., Prevention of Cruelty to Animals, supra*). Members of a charitable membership corporation have no vested right to choose its directors; nor is "self-perpetuation" of the board of such corporations per se invalid, absent a clear showing that it violates fundamental principles of justice (*Matter of Mount Sinai Hosp.*, 250 N. Y. 103; *Bailey* v. *American Soc., Prevention of Cruelty to Animals, supra*; *Sherman* v. *Richmond Hose Co.*, 230 N. Y. 462). There is no showing here that respondents' acts were unfair, oppressive or manifestly detrimental to the corporation's interests. On the contrary, it appears that all parties to this dispute have the interests of the corporation at heart, and none of them wishes to hurt it. Hence, we see no basis for a holding that equity requires the voiding of the questioned by-law and elections. With respect to the question whether there was a quorum present at the annual members' meeting, it is our opinion that there was. The by-law provisions concerning members and directors have always been closely interwoven and reciprocal in character. Only third-degree members of the

Knights of Columbus are eligible to be members or directors of the subject corporation; an elected member remains such only so long as he remains a director; to be an elected director, one must also be an elected member. It was obviously the intention, from the beginning, that elected members and directors were to be the same persons; that the statutes of elected membership and directorship be united, coterminous, and jointly held by the same individuals. That being so, it obviously was the intention that a change in the number or identity of the holders of either office would effect a corresponding change in the other, since neither could exist without the other. Hence, the valid by-law increasing the number of directors necessarily effected at least a *de facto* increase in the number of members, even if the membership by-laws were not expressly amended; and the valid election of four interim directors necessarily conferred on them, at least *de facto,* an interim membership in the corporation, to continue until their replacement by the members elected at the next annual members' meeting. The attendance of these four interim members at the annual members' meeting made the number present sufficient to constitute a quorum. Beldock, Christ and Kleinfeld, JJ., concur; Nolan, P. J., and Pette, J., dissent and vote to reverse the order appealed from, and to remit the proceeding to the Special Term for the entry of an appropriate order (a) declaring the election of directors at the annual meeting of members of the corporation held in May, 1960, and the election of officers thereafter to be null and void, and (b) directing a new election of directors by the members of the corporation qualified to vote as of the date of the May, 1960 meeting, with the following memorandum: If it be assumed that four directors were properly elected at the special meeting of directors held on January 17, 1960, to serve until the next annual meeting of the membership in May, 1960, and until their successors should be· elected, the election held at the annual meeting in May, 1960 was, nevertheless, invalid. Concededly there was not a quorum of the membership present at that meeting unless the four interim directors elected at the special meeting in January, 1960 were counted as members and permitted to vote. They were so counted and voted as members to elect themselves directors of the corporation. In our opinion such interim directors were not entitled to vote at that election, since they were not members. Article IV, section 1 of the by-laws, as amended in January, 1960, provided for election of directors at the May membership meeting by the "then members of the corporation." After the amendment of the by-laws in January, 1960, membership in the corporation continued to be limited as it had been before the amendment, to 11 members, of whom 4 were to be elected by the membership. Members so elected retained their membership only as long as they remained directors, but no provision of the by-laws made an interim director, elected to fill a vacancy in the board of directors, a member of the corporation. Consequently, there was not a quorum present at the May, 1960 membership meeting, and the election of directors at that meeting, and the subsequent election of officers by such directors, were invalid. [26 Misc 2d 474.]