■ In the Matter of COUNTY OF SUFFOLK, Petitioner, v GREATER NEW YORK COUNCILS, BOY SCOUTS OF AMERICA, Appellant, and QUEENS COUNCIL BOY SCOUTS OF AMERICA et al., Respondents.—In a condemnation proceeding, the claimant, Greater New York Councils, Boy Scouts of America, appeals from so much of a decree of the Supreme Court, Suffolk County, dated May 8, 1978, as directed how the sum of $1,000,000, which was to be turned over to it, was to be used. Decree reversed insofar as appealed from, without costs or disbursements, and the matter is remanded to the Supreme Court, Suffolk County, for further proceedings consistent herewith. The sum of $1,000,000 was the balance of a condemnation award deposited pursuant to a stipulation between the claimants pending further order of the court. The decree under review, inter alia, (1) directed that the sum must be held by the claimant, Greater New York Councils, Boy Scouts of America

(Greater New York Councils) in the nature of a trust and be applied for the purpose of providing camping facilities on Long Island open to utilization by adverse claimant Queens Council Boy Scouts of America (Queens Council); (2) directed Greater New York Councils to confer with adverse claimants Queens Council and Queens Boy Scout Sustaining Association, Inc. (Queens Sustaining Association) as to the suitability of facilities selected; and (3) provided that the selection of facilities by Greater New York Councils be undertaken and accomplished within a reasonable time and in the event Greater New York Councils fails to perform its obligation as trustee the adverse claimants might apply at the "foot" of the decree for relief. In view of the stipulation between the claimants we find no merit to the claims that Special Term was without jurisdiction to determine the rights of the parties and that the adverse claimants are not entitled to relief in this proceeding. The property condemned was held in the title of Greater New York Councils. The adverse claimants make claim for apportionment and division of the award to the extent of the amount which they invested or caused to be invested on certain conditions in the property taken. The funds constituting the alleged investment by the adverse claimants were derived from four sources: (1) bank accounts held by Queens Sustaining Association, (2) the proceeds of the sale of a camp owned by Queens Sustaining Association, (3) five bank accounts held by Hedwig T. Nagel in trust for Queens Council and (4) a bequest under the will of Hedwig T. Nagel to Queens Council to "be used for the improvement of Boy Scout Camps, or for the establishment of a new camp on Long Island for the benefit of Queens Council Boy Scouts." In our view the funds from the first three sources vested absolutely in Greater New York Councils and were not subject to the conditions sought to be imposed by the adverse claimants. The record supports a finding that there was a voluntary transfer of these funds to Greater New York Councils with the words of the accompanying resolution of Queens Sustaining Association and the exchange of correspondence at the time being, at most, precatory and not conditions imposing a trust. In the language of the authoritative precedents, "This gift created no trust" (Sherman v Richmond Hose Co., 230 NY 462, 467), and "The gift was absolute for a corporate purpose" (St. Joseph's Hosp. v Bennett, 281 NY 115, 123). It was error, therefore, for Special Term to impose a trust on any portion of the award attributable to funds derived from Queens Sustaining Association. Likewise, the Nagel bank accounts held as Totten trusts vested absolutely in Greater New York Councils and the record here does not support any finding that the words of condition or diréction in Nagel's will can be applied to them. With respect to the bequest in the Nagel will, there is a specification by the donor of the purpose for which it was to be used, i.e., "for the improvement of Boy Scout Camps, or for the establishment of a new camp on Long Island for the benefit of Queens Council Boy Scouts". From these words a trust can "be implied in the sense that the gift will be required to be devoted to the purposes for which it was given" (Lefkowitz v Cornell Univ., 35 AD2d 166, 171, affd 28 NY2d 876). The record sustains the finding that Greater New York Councils had knowledge of the conditions of the Nagel bequest and it therefore received the bequest subject to such conditions. Accordingly, the portion of the award attributable to funds derived from the Nagel bequest is subject to the purposes expressed and to that extent the appropriate portion of the $1,000,000 attributable to the Nagel bequest shall be held by Greater New York Councils in trust and is to be utilized in the manner set forth in the decree under review. Because on this record we are unable to determine what portion of the award should be subjected to such purposes, we remand

the matter to Special Term to make such determination after a hearing. Mollen, P. J., Hopkins, O'Connor and Mangano, JJ., concur.