Christiana, S.
Decedent, Mary E. Clark, died on January 8, 1937, and her last will and testament was duly admitted to probate in this court on February 2d of the same year.
The ninth, thirteenth and eighteenth articles of said will provided as follows: “Ninth — I give and bequeath unto State Bank, Chatham, New York, the sum of Five Thousand ($5,000.00) Dollars, in trust nevertheless, to invest, reinvest and keep invested the same; to collect the rents, issues and profits thereof and to pay over the net income therefrom from time to time and at least quarter-yearly in each year, unto the Methodist Episcopal Church of Spencertown, N. Y., if incorporated, and if not unto the trustees thereof, from time to time, to be applied by said church or by said trustees toward the payment of the salary of the minister of said church. This bequest is given as a memorial to my father, Dan Clark; my mother, Electa L. Bogers Clark; my brother, Edward Clark, and myself. Thirteenth — All the rest, residue and remainder of my said estate, real, personal and mixed, of whatsoever name and nature and wheresoever situated, including any and all void or lapsed legacies or gifts herein contained, I give, devise and bequeath unto Anna Newman, Eugene Chace and Albert Westover, or such of them as shall survive me, equally share and share alike, absolutely. Eighteenth — I order and direct that any and all lapsed or void legacies in any paragraph or clause of this my "Will shall fall into and become a part of the residuary estate contained in the “ Thirteenth Clause ” or paragraph of this my Will and be bequeathed and devised as therein contained.”
It appears that the Methodist Episcopal Church of Spencer-town, New York, was a duly incorporated religious body and that its certificate of incorporation was filed on February 1,1932. It further appears that the trustee, State Bank of Chatham, New York, entered upon its duties and performed the same until May 9, 1953, when the said Methodist Episcopal Church of Spencertown suspended its operations and was duly dissolved by resolution of its governing board.
On this proceeding, the State Bank of Albany, successor by merger to the State Bank of Chatham, New York, seeks, among other things, to settle its accounts as such trustee and to be permitted to resign. The said trustee also seeks a construction of the will of the decedent, particularly items ninth, thirteenth and eighteenth and a judicial determination as to the distribu *871 tion.of the trust fund created by the ninth item of decedent’s will. The said trustee further prays, that if necessary, substituted letters of trusteeship be granted to any substituted beneficiary. All necessary parties have been duly cited, but the only appearance other than the trustee is on behalf of the Attorney-General who submits the matter for determination.
The question to be determined is whether the corpus of the trust created under article ninth of decedent’s will now passes pursuant to the thirteenth or eighteenth provisions of said will or whether the cy pres doctrine may be invoked.
The fact that the legacy was a valid gift would seem to need no discussion nor in my opinion has such legacy lapsed. A lapsed legacy has been repeatedly defined as one which has never vested nor taken effect. (Matter of Parsons, 50 N. Y. S. 2d 577, 579; Matter of Harrington, 243 App. Div. 235; Matter of Walter, 150 Misc. 512; Matter of Mills, 121 Misc. 147.) A lapsed legacy is one which is originally valid but thereafter fails because the capacity or willingness of the donee to take has ceased before he obtained a vested interest in the gift. (Booth v. Baptist Church of Christ of Poughkeepsie, 126 N. Y. 215, 242.) If a legacy becomes vested at the death of the testator, there is no lapse on the basis of what happens later. Thus, it would seem that the ninth item of decedent’s will produced a valid charitable bequest which became vested on the probate of decedent’s will.
Since the gift has not lapsed nor is it void, the applicability of the cy pres doctrine may be examined.
The cy pres doctrine in New York is statutory and is expressed in section 113 of the Beal Property Law and section 12 of the Personal Property Law. It is, nevertheless, regarded as a rule of judicial construction, the paramount aim of which is to effectuate the general charitable purpose of a testator when his particular or specific intention cannot be carried out. It is an aid to fulfill a testator’s design as nearly as possible. (Matter of Stuart, 183 Misc. 20; Matter of Neher, 279 N. Y. 370; Camp v. Presbyterian Soc. of Sacketts Harbor, 105 Misc. 139, 145.) To apply the cy pres doctrine, there must exist a charitable trust and conditions or circumstances which make it impossible, impracticable or difficult to carry out the specific intent of the testator. (Matter of Stuart, supra; Matter of Lawless, 194 Misc. 844.) The application of the doctrine rests in the judicial discretion of the court when circumstances have so changed since the creation of the gift as to render literal compliance impossible. (Matter of Dillenback, 189 Misc. 538; Sherman v. Richmond Hose Co. No. 2, 230 N. Y. 462, 473.)
*872 A charitable gift should be sustained whenever possible under the cy pres doctrine in the light of the intention of the testator. (Matter of Kirkbride, 261 App. Div. 853.)
Considering these rules of interpretation, it is my judgment that the particular or specific intention of the testatrix was to provide income through a valid charitable trust for the support of a pastor in the Methodist Episcopal Church of Spencertown, New York. This specific purpose has been prevented by the dissolution of that particular church. Such dissolution has thereby brought about a condition which prevents the continued execution of the specific plan of the testatrix. Hence, we may inquire into her general charitable purpose.
In my opinion, the general charitable purpose of the decedent was to assist in assuring continuation of Christian Church activity in Spencertown, New York, as a permanent memorial to the members of her family mentioned in article ninth of her will. If the essential and dominant purpose of the testator may be fulfilled, the cy pres doctrine will be invoked to save the gift. (Matter of Merritt, 254 App. Div. 292, 295.)
Under these circumstances, to distribute the fund to the residuary legatees or to decree its disposition to the governing body of the Methodist Church would defeat the general charitable purpose of the testatrix. If so decreed, the chances of the income of the trust being used as a contribution toward the salary of a local pastor in Spencertown, New York, would be highly doubtful. Moreover, such a distribution away from the locality where it was intended to be used would utterly destroy the theory of a permanent memorial in a Spencertown church to the memory of decedent and the other members of her family specified in the ninth article of her will.
It may be noted that the only other church in Spencertown is St. Peters Presbyterian Church. Moreover, from testimony taken on this proceeding, there appears to be a comity agreement or arrangement between the governing boards of the Methodist Church and the Presbyterian Church, whereby in return for relinquishing active Presbyterian work in Cairo, New York, and in Hunter, New York, the Methodist work would cease in Spencertown, New York. A resolution to this effect was read into the record on this proceeding. In other words, it appears that under such joint arrangement, the work of the Methodist Episcopal Church of Spencertown is now being actively carried on by St. Peters Presbyterian Church of Spencertown. If it is held that it was the general charitable intention of the decedent that church activity be maintained in the hamlet of Spencer-town, then the only way that such intention can now be carried *873 out will be by directing the substitution of St. Peters Presbyterian Church of Spencertown, New York, for the Methodist Episcopal Church of Spencertown, New York.
The facts in the case at bar closely parallel those presented in Matter of Dillenback cited above (189 Misc. 538). Indeed, the same two religious denominations were involved under circumstances somewhat similar to the problem presented here. The third article of Dillenback’s will, probated in 1929, bequeathed the sum of $1,500 in trust to the Northern New York Trust Company of Watertown, New York, to invest said fund and apply the net income therefrom toward the annual salary of the pastor of the Chaumont Methodist Episcopal Church. Such bequest was made a charge on decedent’s real estate as was a legacy bequeathed by the second item of decedent’s will.
The fourth provision of the said will provided (supra, p. 539): “ Subject to the foregoing legacies all the rest, residue and remainder of my property of every name and nature and wheresoever situate, I give, devise and bequeath to my sister, Nellie Ashwin of Chaumont, New York, on condition, nevertheless, that she pay the said One Thousand and the said Fifteen Hundred Dollars ($1500.00) legacies provided in the second and third clauses of this my Will at the time of or before she shall sell any part of the real estate of which I may die seized, or, should she retain my said real estate, said legacies to be paid immediately upon her death, said legacies and each of them to be continuing charges until paid upon all real estate of which I may die seized.”
Nellie Ashwin died in 1942 without selling the real estate during her lifetime. The legacy specified in provision third, which was made a charge upon the real estate, was not paid. In 1941, the Methodist Episcopal Church of Chaumont united with the Presbyterian Church of the same locality and the church building and parsonage of the Methodist Church were no longer used for church purposes. In effect, the congregation of the Methodist Episcopal Church united with that of the Presbyterian Church and the two former religions congregations became known as the Presbyterian Church of Chaumont, New' York. The court invoked the cy pres doctrine to accomplish the general purpose of the testator and directed that the income from the fund created by the third article of decedent’s will be applied to the payment of the salary of the pastor of the Chaumont Presbyterian Church. It would appear that the same conclusion reached in the Dillenback matter (189 Misc. 538, supra) is justified here.
*874 I hold the trust created by the ninth article of decedent’s will to be a valid bequest which has not lapsed. I further hold that the cy pres doctrine is applicable and St. Peter’s Presbyterian Church of Spencer town, New York, is to be substituted for the Methodist Episcopal Church of Spencertown, New York, and the trust administered accordingly. The application of the State Bank of Albany to resign as trustee is granted and proceedings for substituted letters of trusteeship will be entertained.
Submit decree in accordance with this opinion.