Joseph A. Cox, S.
This is a proceeding brought by the surviving testamentary trustee to determine the validity, construction and effect of the disposition of income and principal of the trust created by paragraph Fourth of the first codicil of the will of Nettie Bowne. The proceeding became necessary because the beneficiary of said trust, the Samuel and Nettie Bowne Hospital has ceased to function and operate as such.
There is no dispute as to the facts. The decedent herein died on February 4,1930 leaving a last will and testament with three codicils thereto which were all duly admitted to probate in this court on April 3, 1930. A stipulation of facts on file in this court further shows that the said decedent gave $110,000 and other gifts to the City of Poughkeepsie for the purpose of maintaining the Samuel W. Bowne Memorial Hospital; caused her attorneys to file a certificate of incorporation for the Samuel and Nettie Bowne Hospital in 1926 and gave $261,000 between 1926 and October 23, 1928 for the construction, furnishing and equipment of said Samuel and Nettie Bowne Hospital; that the said Samuel W. Bowne Memorial Hospital and the said Samuel and Nettie Bowne Hospital were both in full operation at the time of decedent’s death on February 4, 1930; that the said Samuel W. Bowne Memorial Hospital and said Samuel and Nettie Bowne Hospital had both ceased to operate and were closed before August, 1956.
Paragraph Fourth of the first codicil which this court is asked to construe reads as follows:
‘ ‘ fourth : I give, devise and bequeath to the Trustees named in my aforesaid Last Will and Testament, or to such of them as shall qualify, the survivor of them, and their and his successors, Eight Hundred and Fifty (850) shares of the Preferred capital stock of The Samuel W. Bowne Estate Company, a Connecticut corporation, to have and to hold the same in Trust Nevertheless, to and for the uses and purposes following: *599 ‘1 To collect the income, dividends and profits therefrom, and after paying all expenses in caring for the said trust, to pay the net income thereof to the Samuel and Nettie Bowne Hospital, a corporation incorporated under the Laws of the State of New York.”
The questions to be determined can be summarized as follows:
(1) Has the trust legacy lapsed and does it pass under the residuary clause in the will of Nettie Bowne ?
(2) Does the property consisting of the trust in question pass by intestacy?
(3) Should the court cy pres this fund and the income thereof ?
As to the first question presented. At the time of the decedent’s death on February 4, 1930, the Samuel and Nettie Bowne Hospital was in existence and was operating in accordance with a certificate of incorporation. The hospital continued to operate for some 25 years from that date during which time it received the income earned by this trust fund. The authorities have consistently held that once a gift has vested, there can never thereafter be any lapse as to such gift. A lapsed legacy is one which has never vested or taken effect. (Matter of Parsons, 50 N. Y. S. 2d 577, 579; Matter of Harrington, 243 App. Div. 235; Matter of Walter, 150 Misc. 512.) In Matter of Clark (1 Misc 2d 869, 871) the court stated: “ If a legacy becomes vested at the death of the testator, there is no lapse on the basis of what happens later.” The court finds, therefore, that as this gift vested at the time of the testator’s death, there can now be no lapse as to same {Sherman v. Richmond Hose Co., 230 N. Y. 462; Nelson v. Russell, 135 N. Y. 137; Matter of Clark, supra-, Matter of Scott, 1 Mise 2d 206). Under these circumstances, the provision in the residuary clause of the decedent’s will (par. Forty-Fourth thereof) referring to “ all lapsed legacies ” can have no application in this matter. We are not here dealing with a lapsed legacy.
The basic question, therefore, to be decided is whether the cy pres doctrine can be applied in this matter or does the fund pass by intestacy. The basic premise for the application of the cy pres doctrine is to defeat the failure of a charitable bequest. The doctrine of cy pres is incorporated in section 12 of the Personal Property Law and section 113 of the Beal Property Law. In Matter of Scott (supra, pp. 209-210), Surrogate Frahkehthaher in discussing a similar bequest to a tubercular sanitorium that had ceased to operate cited the section and cases thereunder as follows: “ ‘ whenever it shall appear to the court that circumstances have so changed since the execution of an instrument containing a gift * * * to * * * charitable *600 * * * uses as to render impracticable or impossible a literal compliance with the terms of such instrument, the court may * * * make an order directing that such gift * * * shall be administered or expended in such manner as in the judgment of the court will most effectually accomplish the general purpose of the instrument ’ * * * A prerequisite, however, to application of the doctrine is that the court find that the testatrix manifested a general intention to devote the property to charitable purposes, rather than an intent to confine her beneficence to the single institution named in the will. (See Matter of Merritt, 280 N. Y. 391; Saltsman v. Greene, 256 N. Y. 636; Matter of Rappolt, 140 Misc. 239; Matter of Gault, 48 N. Y. S. 2d 928, and Restatement, Trusts, § 399 * * *.) ”
The recipients of the residuary estate, the remaindermen and the special guardian have sought to make much of the fact that the bequest in question was made to a specific hospital which has now ceased to function. From this they seek to spell out that there was no general charitable intention on the part of the decedent and that this legacy should now, therefore, lapse and fall into the residuary estate. They cite as most recent authority for this the Matter of Syracuse Univ. (Heffron) decided by the Court of Appeals on February 20, 1958 (3 N Y 2d 665). In that case, the Court of Appeals reversed the Appellate Division which had applied the cy pres doctrine. However, the facts are easily distinguishable. The testator in the Heffron case made a gift to the Syracuse University for the benefit of its Medical College upon condition that within one year after the date of the testator’s death the ‘ ‘ ‘ Medical College thereof shall be assured of permanency and of support adequate to keep the same forever in the rank of “ Class A ” medical schools as now classified by the Council on Education of The American Medical Association ’ (P.670.) The very condition imposed by the testator in his will indicated that if the conditions and qualifications were not met, the legacy was to fail. When the Medical College went out of existence, the legacy in fact did fail and the Court of Appeals so held. In that very case (the case of Syracuse Univ. [Heffron], supra), which is relied upon by the recipients of the residuary in support of their position, Judge Van Voobhees speaking for the majority made the following statement (pp. 669-670): “ One may safely conclude that if this gift had been phrased in language saying without more than the money was to go toward the support of the College of Medicine of said University, the substance of the gift would not revert to the estate in event of the discontinuance of the medical college. That would probably follow from the liberality of the rules *601 which the courts have adopted in order to save charitable gifts by the application of cy pres (Matter of Potter, 307 N. Y. 504, 517 supra; Matter of Durbrow, 245 N. Y. 469, 474).”
As stated in Matter of Scott {supra), the important prerequisite to application of the doctrine of cy pres is that the court find that the testatrix manifested a general intention to devote her property to charitable purposes. This court finds ample evidence to sustain the general intention of the testatrix to devote her property to charitable purposes. An examination of her will shows that in it she made 15 different charitable gifts totaling approximately $500,000. During her lifetime from 1911 to 1930, it is alleged that decedent gave $371,000 to the Samuel W. Bowne Memorial Hospital. She caused the Samuel and Nettie Bowne Hospital to be incorporated and made gifts totaling $261,000 to it. The purpose for its incorporation according to the certificate of incorporation was 1 ‘ to erect, establish, maintain and conduct near or in the City of Poughkeepsie, Dutchess County, New York, a hospital with proper buildings and departments at which it shall be received such persons as may be suffering from or threatened with tuberculosis who may require treatment therefor and are desirous of being treated.” The bequest, therefore, under paragraph Fourth of the first codicil, although made to the Samuel and Nettie Bowne Hospital, was for the uses and purposes for which the hospital was created and these were charitable purposes. Throughout her life and in her will, this decedent showed concern for charities and the desire to alleviate the ills of mankind.
Defeat of this charitable bequest, on the ground advanced by the recipient beneficiaries of the residuary trust and the remainderman, would in effect tend to weaken our concept of philanthropy, one or the great advantages and boons of a free democratic society. The fight against disease and continued progress in medicine is predicated upon continued research made possible by gifts such as these. The very fact that this hospital has closed its doors because of the mastery achieved by medicine over the once dread disease of tuberculosis is perhaps the greatest reason for applying the cy pres doctrine. Continued research is still necessary for control of pulmonary disease and this court cannot believe that the intention of this testatrix was so narrow especially in view of her charitable gifts throughout her life and in her will, as to circumscribe this trust to the maintenance of this particular hospital solely for tuberculosis patients.
In 1953 the Legislature saw fit to amend section 12 of the Personal Property Law so as to allow the application of the cy pres doctrine to bequests which were made to charitable institu *602 tions which were not in existence at the time of the testator’s death. This follows the general trend of the courts and the Legislature to liberalize and to use all methods possible to sustain charitable bequests wherever possible.
In Matter of Kittinger (6 Misc 2d 125) the court was faced with a similar situation of facts. The will in that matter directed that the income and principal of a trust be paid to a tuberculosis sanitorium to be used by it ‘ ‘ ‘ in the care of indigent and needy persons suffering from tuberculosis.’ ” Because of the progress of medical science, this sanitorium was closed. The sanitorium was known as the Trudeau Sanitorium at Saratoga, New York. However, although the sanitorium closed, the Trudeau Laboratory now known as Trudeau Foundation, Inc. continued its research and in that case the court was also asked to exercise the cy pres doctrine and direct the trustees to pay the principal and income to Trudeau in connection with its research activity without the limitation stated in the bequest. The court there held that the cy pres doctrine could and should apply and the fund was cy presed to Trudeau Foundation, Inc.
The court, therefore, finds that the doctrine of cy pres should be applied to the trust created under paragraph fourth of the first codicil of the will of the decedent and directs that the income from this fund to be known hereafter as the Samuel and Nettie Bowne Endowment Fund be turned over to such institution or institutions as the court may direct.
It has been brought to the attention of the court that at a meeting of the board of directors of the Samuel and Nettie Bowne Hospital held on October 25,1957, a resolution was duly adopted under which the Vassar Brothers Hospital of Poughkeepsie, New York and St. Francis Hospital of Poughkeepsie, New York were designated as charitable corporations located in the city of Poughkeepsie, county of Dutchess, both rendering treatment of pulmonary diseases, as the corporations most likely resembling the Samuel and Nettie Bowne Hospital in the care and treatment of persons suffering from pulmonary diseases. It may, however, be urged by others that there are other deserving charitable beneficiaries. Accordingly, the court will confer with counsel and with representatives of the institutions involved with a view towards selecting as the recipients of the bequest such hospitals or sanitoriums best equipped to discharge the obligations which would attach to the acceptance of the bequest in a manner in keeping with the wishes of the testatrix. Counsel will be notified of the date and time of the conference.
Proceed accordingly.