William F. Christiana, S.
The last will and testament of Almar H. Shatford was duly probated in this court on June 30, 1955, The fourth clause of the will provided as follows;
*954 “ I give, devise and bequeath, to the Town of New Lebanon, County of Columbia, State of New York, all that certain piece or parcel of land in the Town of New Lebanon, Columbia County, New York, comprising thirty-five acres more or less and bounded and described as follows:
[Therewith follows a description of said realty.]
‘ ‘ In addition to the aforesaid real property, I give and bequeath to the Town of New Lebanon, County of Columbia, State of New York, the sum of Fifty thousand Dollars ($50,000.00), which in addition to contributions made by me during my lifetime, shall be used for the purpose of constructing and maintaining- on the aforesaid real property a public park, swimming pool and playground. It is my request that, if practicable, the water for said pool be drawn from what is known as Lebanon Spring. I further request that during- the lifetime of my wife, Genevieve S. Shatford, the aforesaid recreational facilities be maintained by the Town of New Lebanon in conformity with her wishes. After payment of this bequest, my Executors shall have no duty to see to the application or use thereof.”
The real property in question has been conveyed to the Town of New Lebanon and the cash bequest delivered. As indicated in his will, decedent had made several other gifts of cash and real property to the Town of New Lebanon during his lifetime. For example, he had previously donated the sum of $8,000 toward a swimming pool and $500 for general town improvement. He had conveyed to the town certain premises which now constitute its Town Hall. In addition, he had also transferred title to another parcel of land which is likewise being used for town purposes.
The Town of New Lebanon, by petition recently filed in this court alleges, in brief, that conditions have become so altered since the probate of the will that it is financially impractical to comply literally with the terms of decedent’s testamentary gift. In lieu thereof, the town seeks an order, pursuant to section 12 of the Personal Property Law, permitting- the bequest of the cash moneys to be used to assist in the construction of an indoor swimming pool to be erected and installed in co-operation with a Central School District embracing, in major part, the geographic boundaries of the Town of New Lebanon.
The executors have offered no objection to the application. The widow, in conformity with whose wishes the recreational facilities were to be maintained, has consented to the granting of the order sought. The Attorney-General, appearing pursuant *955 to statutory directive, does uot oppose the relief requested. The special guardian, appointed at court insistence, concludes that it is his duty to advise the court that the interests of the present and future residents of the community will be promoted by granting the petition. Considerable hostility is perceptible from certain segments of the township.
In support of its application, petitioner presented proof of its formal acceptance of the gift by appropriate resolution of its Town Board. Following decedent’s death, a committee of leading citizens was appointed to recommend suitable methods of accomplishing the purpose for which the gift was made. Professional engineering advice has been obtained from which it appears that the cost of an outdoor pool of an appropriate size would considerably exceed the moneys available with which to construct the same. The proof adduced further indicates that the climate of New Lebanon is such that an outdoor swimming pool would be used for only approximately 10 weeks during the year as contrasted with an all around annual use of an indoor pool. State health regulations, maintenance problems and janitorial services would add additional problems to the town in attempting to fulfill testator’s verbatim directions.
Faced with these difficulties, the record indicates that petitioner and its committee undertook preliminary conversations with the District School Board to explore the feasibility of using the fund to assist in constructing an indoor swimming pool housed in a suitable structure. An appropriate commemorative plaque is to be installed in memory of the donor. An agreement of this nature between the Town and the School Board would seem justified by section 244-b of the General Municipal Law. Such an agreement has been tentatively made and reduced to writing subject to the approval of this court. Resolutions of both parties authorizing its execution await the outcome of Ibis proceeding. Under this arrangement, the School District will raise 70% of the cost of the pool and the town will provide the balance. In spite of vigorous opposition, a majority of the taxpayers of the community have approved the proposed project at a taxpayers’ election. The testimony and exhibits presented would appear to substantiate the fact that over a 20-year span, and with the assistance of State aid, the undertaking can be financed at an annual average cost of about $2,000 to the taxpayers of the district.
Petitioner emphasizes that the town, from its own funds, has commenced to develop the donated real property as a park and for playground purposes and points out that the location of the *956 proposed indoor pool would not be more than 800 or 900 yards removed from the 35-acre tract devised to the town under the will.
We must decide whether the gift fails because it is not practical to assent to a precise obedience to its terms by reason of a variation in the type, location and administration of the swimming .pool, or whether we may, by application of the cy pres doctrine, bestow the authority to alter the literal terms of the bequest.
To determine if the cy pres doctrine may be extended to a given set of facts the court must first ascertain whether the charitáble intent of the donor was general or restrictive. (Matter of Merritt, 280 N. Y. 391; Matter of Scott, 1 Misc 2d 206; City Bank Farmers Trust Co. v. Arnold, 283 N. Y. 184.)
Courts have no authority to convert a rigid or constricted purpose into a general one, as this would do violence to the testamentary design of a decedent (Matter of Gault, 48 N. Y. S. 2d 928, 930), or result in the making of a new will which courts have no power to do. (Matter of Jones, 201 Misc. 881, 884; Matter of Rappolt, 140 Misc. 239, 241). Accordingly, it has been held that where no general charitable objective is manifest, cy pres cannot be applied. (Matter of Miller, 139 N. Y. S. 2d 5, 8; Matter of Gault, supra.)
On the contrary, where a general charitable outlook appears inherent in the gift, the court is authorized to call forth the cy pres rule in order to uphold and carry out the paramount purpose for which the charity was established. (Matter of Lewis, 278 App. Div. 888; Conway v. Bowe, 116 N. Y. S. 2d 182; Matter of Bowne, 11 Misc 2d 597).
It has been held that where the intention to make a gift for charitable purposes “ pervades and dominates the whole bequest and the court will give it effect if it is possible to do so by the application of the most liberal rules of construction that the law will permit.” (Matter of Durbrow, 245 N. Y. 469, 474.)
The cy pres doctrine is an admitted rule of judicial construe-' tion and its exercise involves a large measure of discretion. (Matter of Dillenback, 189 Misc. 538, affd. 273 App. Div. 1051; Matter of Colgan, 204 Misc. 109.) Instances can be cited where its adaptation was unwarranted by reason of the fact that the donative instrument already contained a gift over should the initial bequest prove inoperative (Matter of Fletcher, 280 N. Y. 86; Matter of Price, 264 App. Div. 29, affd. 289 N. Y. 751) or where the donee, after accepting the gift for a strictly confined purpose, acts on its own initiative to apply it to another use. *957 (Matter of Niven, 180 Misc. 767; St. Joseph’s Hosp. v. Bennett, 281 N. Y. 115.)
Nevertheless, within these limitations, there has become firmly-embedded in the law the principal that where conditions relating to a charitable trust have changed to an extent that exact compliance with its terms and directions is impossible, or impractical, the court may decree that the gift be administered in accordance with the general charitable aims of a testator free from specific impediments contained in the will. (Sherman v. Richmond Hose Co., 230 N. Y. 462; Matter of MacDowell, 217 N. Y. 454; Matter of St. John’s Church, 237 App. Div. 454, affd. 263 N. Y. 638; Matter of Lawless, 194 Misc. 844; Matter of Stuart, 183 Misc. 20; Matter of Clark, 1 Misc 2d 869.)
In Matter of Heckscher (131 N. Y. S. 2d 191) it appeared that in 1917, Mr. Heckscher donated certain real and personal property to a corporation in trust to create a park or playground for the use and benefit of the public and especially for the school children of the Town of Huntington. Ultimately, the corpus and its producing income substantially declined and the operation continued only by reason of appropriation of town funds. The corporation petitioned to transfer the trust property to the town under an agreement whereby the town became obligated to carry out the purposes of the gift. The relief sought was granted. The court said (p. 194):
‘ ‘ The agreement mentioned above between the petitioner and the Town of Huntington commits the Town of Huntington to carrying out in all respect the purposes of the gift set forth in the original deed of gift, and the plan whereby the Town of Huntington would succeed to the rights of the trustees to carry out the purposes of the trust would appear to provide an effective means of carrying out the same purpose of the donors.
“ Where the specific directions of the donors have been carried out since the inception of the trust, but in the course of time the conditions have so changed that it is impossible or impracticable to carry out such directions, the cy pres doctrine will almost invariably be applied.”
In the Matter of Neher (279 N. Y. 370) testatrix devised specific real property to the Village of Red Hook to be used as a hospital in memory of her husband. The village accepted the gift and thereafter asserted that it was without adequate funds to establish and maintain the hospital. It petitioned to erect and maintain a village administrative building with a suitable plaque commemorating the memory of Mr. Neher. It was held that there was no singular object of decedent’s bounty but that the gift was to the whole community.
*958 In the matter at bar, it seems beyond dispute that the general charitable design of the testator was to benefit the whole community. This conclusion is buttressed by the gifts made for municipal welfare to the Town of New Lebanon during decedent’s lifetime. The gift here appears to be absolute since the will expressly provided that the executors need not see to its use nor application. Decedent’s widow favors the suggested method of accomplishing her husband’s objectives. The town and the School District will be committed to construct and maintain a swimming pool which will provide an “ effective means of carrying out the same purpose ” intended by testator.
We are of the opinion that Mr. Shatford’s desire to promote a park, recreational facilities and a swimming pool dedicated to public use will be effectively achieved by granting the relief sought.
We hold that the application of the cy pres doctrine in this instance is justified and the prayer of the petition is in all respects granted.
Submit decree on notice to the Attorney-General and the special guardian.