OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs to all parties appearing separately and filing separate briefs payable out of the estate.
 

 The disputed paragraph in the decedent’s will evidenced a clear and unambiguous intention to bequeath the residue of
 
 *976
 
 her estate for charitable purposes, and thus the gift does not fail for indefiniteness (EPTL 8-1.1). That the testatrix indicated in her will a collateral intention that the money be used to establish "memorials” in the memory of her departed relations does not compel a contrary conclusion, since the overriding charitable intent of the testatrix is apparent from the language of the paragraph in which the bequest was made (see
 
 Matter of Rupprecht,
 
 271 App Div 376, affd 297 NY 462; see, also,
 
 Sherman v Richmond Hose Co.,
 
 230 NY 462, 469). Nor is it significant that the paragraph containing the charitable bequest contemplated further oral directions from the testatrix, for, as the Appellate Division correctly noted, the intention of the testatrix to give additional instructions concerning the details of the memorials does not conflict with the expressed intention that the residue of the estate be distributed by the named beneficiaries to charitable institutions selected by them "in their sole discretion”. And, under our decisional law, the latter intention should be carried out, even if the testatrix’ unexpressed wishes regarding the character of the memorials cannot be effected (see, generally,
 
 Matter of Nurse,
 
 35 NY2d 381; see, also,
 
 Matter of Fabbri,
 
 2 NY2d 236).
 

 Because we find the language of the disputed will provision clear and free from any ambiguity, we have no need to resort to the extrinsic evidence offered by the contestants to elucidate the intentions of the testatrix. Accordingly, we neither reach nor comment upon the conclusions of the courts below concerning the proper use of extrinsic evidence in will contests.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
 

 Order affirmed, etc.