OPINION OF THE COURT
John B. Riordan, J.
This is a petition for construction of an inter vivos trust executed on November 9, 2001. The settlor is deceased.
Article fourth of the trust provides for distribution of the assets upon the death of the settlor, in part:
“C. The remaining property shall be distributed as follows:
“(1) Fifteen percent (15%) thereof to MARYKNOLL, Maryknoll, New York;
“(2) Ten percent (10%) thereof to ST. RAYMOND’S ROMAN CATHOLIC CHURCH, East Rockaway, New York;
“(3) Five percent (5%) thereof to the Settlor’s son, RICHARD R. KRAMER;
“(4) Thirty percent (30%) thereof to the Settlor’s daughter, DOROTHY KRAMER.
“(5) Forty percent (40%) thereof to the Settlor’s daughter, LUCILE C. KRAMER.
“Should any of the Settlor’s children predecease her, his or her shall hereunder shall [sic] be distributed to MARYKNOLL, Maryknoll, New York, and ST. RAYMOND’S ROMAN CATHOLIC CHURCH, East Rockaway, New York, in equal shares.”
The petition states that there is no “Maryknoll, New York” and that there are three charities in Maryknoll, New York: Maryknoll Lay Missionaries, Maryknoll Sisters and Maryknoll Fathers and Brothers. These charities have filed a stipulation which provides that each would receive one third of the 15% share in the remainder. The Attorney General of the State of New York has filed a consent to the agreement.
Paragraph 5 of the stipulation, which provides that the signatories are precluded from bringing a construction proceeding to determine the decedent’s intention, is unenforceable. The construction of a will (Matter of Israelite, 155 Misc 259 [Sur Ct, Bronx County 1935]) or trust agreement cannot be determined by consent although an agreement between interested parties in a construction proceeding may be taken into consideration.
*385 A mistake in the name of the intended beneficiary is not fatal if the settlor sufficiently indicates the individual or institution intended (Lefevre v Lefevre, 59 NY 434 [1875]).
As the identity of the charity cannot be determined with certainty in this case, the application of cy pres is appropriate. The settlor’s general charitable intent is disclosed by the several provisions for charitable gifts (Matter of Othmer, 185 Misc 2d 122 [Sur Ct, Kings County 2000]; Matter of Bowne, 11 Misc 2d 597 [Sur Ct, NY County 1958]) and the lack of a gift over (Matter of Carper, 67 AD2d 333 [4th Dept 1979], affd 50 NY2d 974 [1980]).
The court notes that while EPTL 8-1.1 (c) limits the jurisdiction of the Surrogate’s Court to apply cy pres to dispositions under a will probated in the court, SCPA 209 (6) confers jurisdiction on the Surrogate’s Court to determine all matters relating to inter vivos trusts and article VI, § 12 (d) of the New York Constitution confers jurisdiction upon the Surrogate’s Court as to all matters relating to the affairs of a decedent (Matter of Piccione, 57 NY2d 278 [1982]).
Accordingly, the court finds that the proposed distribution will best effectuate the intention of the settlor.
The trustee is directed to comply with the proposed distribution set forth in the stipulation.