| Matter of Altman |
|:---:|
| 2024 NY Slip Op 31290(U) |
| April 11, 2024 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2022-2126/A/B |
| Judge: Hilary Gingold |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

New York County Surrogate's Court
DATA ENTRY DEPT.

APR 1 1 2024

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
In the Matter of the Petition of William Lane and
Daryl Simon, as Co-Trustees of the Revocable Trust of

      LOIS ALTMAN, a/k/a LOIS B. ALTMAN,

                                  Deceased,

for the Construction of the Lois Altman Trust, dated
September 17, 1996, as Amended and Restated, and for
Cy Pres Relief.
------------------------------------------------------------------------X

**DECISION and ORDER**

File No. 2022-2126/A/B

G I N G O L D, S.

      This is an uncontested petition by the trustees of the charitable remainder trust established by Lois Altman on September 17, 1996, and amended thereafter (Trust), asking the court to construe inconsistent provisions in the Trust (SCPA 1420) and to exercise its cy pres power, pursuant to EPTL 8-1.1(c), with regard to a remainder bequest.[1] The grantor of the trust is deceased.

      Article II(5)(c)(9) of the Trust provides for the following distribution upon the death of the grantor:

        "9. The balance of the residue shall be equally divided among the following charitable organizations or their successors as follows:

          a. ALS ASSOCIATION, Greater New York Chapter, New York, NY, or its successor, FIFTY PER CENT (50%);

---

[1] Although EPTL 8-1.1(c)(1), by its terms, applies only to wills, the Surrogate's Court nonetheless has jurisdiction over inter vivos trusts generally and the Trust here (*see* SCPA 209(6) and 1509) and can entertain proceedings under EPTL 8-1.1 in relation to an inter vivos trust (*see e.g. Matter of Isabel Scriba Charitable Remainder Unitrust*, 222 Misc 3d 1124(A), 2009 NY Slip Op 50276[U] [Sur Ct, Nassau County 2009]; *Matter of Kramer*, 20 Misc 3d 383 [Sur Ct, Nassau County 2008]).

b. NATIONAL BREAST CANCER ASSOCIATION (national organization) of New York, NY, or its successor, TWENTY-FIVE PER CENT (25%);

c. DREAM STREET, of 9536 Wilshire Blvd. #300, Beverly Hills, California, or its successor, TWENTY-FIVE PER CENT (25%)."

Petitioner seeks relief because, despite the direction to divide the residue equally among three charities, the percentage allocated to each charity is, in fact, unequal. Further, the National Breast Cancer Association (NBCA) does not exist now, and likely never did exist. Thus, Petitioner asks the court to construe the inconsistent language to maintain the unequal distribution of the Trust's residue and to exercise its cy pres power under EPTL 8-1.1(c) to substitute the Susan G. Komen Breast Cancer Foundation, Inc. (Susan Komen Foundation) for the NBCA.

Regarding the construction portion of the relief requested, it is well settled that the primary purpose of a construction proceeding is to ascertain and give effect to the intent of the grantor (*see e.g. Gilbert v Gilbert*, 39 NY2d 663, 666 [1976]). Where, as here, the words of the trust instrument are inconsistent or create an ambiguity, the court may properly resort to extrinsic evidence to determine such intent (*Matter of Malasky*, 275 AD2d 500 [3d Dept 2000]; *Matter of McCabe*, 269 AD2d 727 [3d Dept 2000]; *Matter of Bernstein*, 185 Misc 2d 493 [Sur Ct, Bronx County 2000]; *Matter of Ikenson*, 2017 NY Slip Op 31647[U] [Sur Ct, Nassau County 2017]).

Here, the petition is accompanied by an affirmation from the attorney-drafter who identifies the direction to divide the residue equally as a 'scrivener's error' and confirms that the grantor intended for each charity to receive the percentage of the residue provided in the Trust. The attorney-drafter recalls a specific conversation with the grantor during which she made clear that she wanted an unequal distribution scheme. Accordingly, the court finds that grantor intended for

2

the residue of the Trust to be distributed among the charitable beneficiaries in the unequal percentages provided and construes Article II(5)(c)(9) to reflect such intent.

Regarding the cy pres portion of the relief requested, application of the cy pres doctrine is intended to prevent the failure of a charitable bequest (*see e.g. Matter of Bowne*, 11 Misc 2d 597, 599 [Sur Ct, NY County 1958]). EPTL 8-1.1(c) provides that "whenever it appears to such court that circumstances have so changed since the execution of an instrument making a disposition for …charitable…purposes as to render impracticable or impossible a literal compliance with the terms of such disposition," the court may make an order directing that such disposition be made in a manner which the court finds "will most effectively accomplish its general purposes." To invoke the cy pres doctrine, the court must find: 1) that the gift or trust is charitable in nature, 2) that the language in the trust demonstrates a general, rather than specific, charitable intent, and 3) that the particular purpose for which the gift or trust was created has become impossible or impracticable to achieve (*see e.g. Matter of Othmer*, 185 Misc 2d 122 [Sur Ct, Kings County 2000]).

As for the first requirement, there is no doubt that the grantor's gift to the NBCA is charitable in nature. Indeed, grantor specifically referred to it as a "charitable organization" in Article II(5)(c)(9). As for the second requirement, the grantor's general charitable intent is demonstrated by her disposition of the Trust's remainder exclusively to charitable organizations. (*Kramer*, 20 Misc 3d at 385; *Othmer*, 185 Misc 2d at 127; *Bowne*, 11 Misc 2d at 600). Nor did grantor provide a gift over in the event the gift lapsed, which also shows general charitable intent. (*Matter of Carper*, 67 AD2d 333, 337 [4th Dept 1979], *affd* 50 NY2d 974 [1980]); *Matter of Goehringer*, 69 Misc 2d 145, 149-150, [Sur Ct, Kings County 1972]; *Matter of Wolseley*, 10 Misc 3d 1077(A), 2005 Slip Op 52251[U] [Sur Ct, Suffolk County 2005]). The record also shows that grantor was charitably inclined during her lifetime, donating funds to the Susan Komen Foundation

3

and committing to future gifts to the organization as a member of its Lifetime Legal Society. Finally, as for the third requirement, the impossibility of the bequest to the NBCA is not in dispute. The entity does not exist, and it has no successor.

The Surrogate's Court's power to prevent the failure of and give effect to charitable dispositions is not defeated by the fact that a beneficiary does not exist (*see* EPTL 8-1.1[d]). Here, all the requirements for the court to invoke the cy pres doctrine under EPTL 8-1.1(c) have been met. The proposed replacement charity, the Susan Komen Foundation, is well-established and is devoted to advancing the research and treatment of breast cancer. The Attorney General, who is the sole representative of ultimate charitable beneficiaries in circumstances such as this, supports distribution to the Susan Komen Foundation.

Under these circumstances, the court concludes that the grantor's charitable intent will best be accomplished by the distribution of the portion of the residue at issue to the Susan Komen Foundation.

Accordingly, it is hereby

ORDERED that the petition is granted and the residue of the trust established by Lois Altman on September 17, 1996, as amended, shall be distributed as follows: 50% to the ALS Association, Greater New York Chapter, New York, NY, or its successor; 25% to Dream Street, or its successor; and 25% to the Susan G. Komen Breast Cancer Foundation, Inc.

The Clerk of the Court shall mail a copy of this Decision and Order to the parties whose names and mailing addresses appear below.

Settle decree.

Dated: April 11th, 2024

_____
S U R R O G A T E

4

[* 4]

To:

Gregory L. Matalon, Esq.
Capell Barnett Matalon & Schoenfeld LLP
*Attorneys for William Lane and Daryl Simon, Petitioners*
487 Jericho Turnpike
Syosset, NY 11791

Kristen Cocoman, President & Chief Executive Officer
The ALS Association, Greater New York Chapter
42 Broadway, Suite 1724
New York, NY 10004

Kim Stillwell, Treasurer of the Board of Trustees
Dream Street Foundation
324 South Beverly Drive, Suite 500
Beverly Hills, CA 90212

Eunice Nakamura, General Counsel
Susan G. Komen Breast Cancer Foundation Inc.
13770 Noel Road, Suite 801889
Dallas, TX 75380

Rebecca Gideon, Esq.
New York State Attorney General, Charities Bureau
28 Liberty Street, 16th Floor
New York, NY 10005