| **Matter of Estate of Wagner** |
| --- |
| 2025 NY Slip Op 30892(U) |
| March 17, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2022-2039/G |
| Judge: Hilary Gingold |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

New York County Surrogate's Court
DATA ENTRY DEPT.

MAR 17 2025

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
In the Matter of the Application of

THE ESTATE OF JEANETTE SARKISIAN WAGNER,

Deceased.
------------------------------------------------------------------------X

DECISION and ORDER

File No. 2022-2039/G

GINGOLD, S.

This is an uncontested petition by the fiduciaries of the will of Jeanette Sarkisian Wagner (Will), asking the court to exercise its cy pres power, pursuant to EPTL 8-1.1(c), with regard to a testamentary charitable trust. Decedent died a domiciliary of New York County on February 26, 2022, and her Will was properly admitted to probate by this court on April 11, 2023.

Article THIRD, Paragraph (B) of the Will provides that one-fourth (1/4) of the decedent's residuary estate be distributed into the Harvard School of Business Trust (Trust) for the benefit of the Harvard School of Business, provided said entity is both still in existence and a "qualified charitable organization," as defined in the Internal Revenue Code, at the time of decedent's death. Article FOURTH, Paragraph (A)(2)(b) of the Will further states that the Harvard School of Business shall use the payments from the Trust to establish the Souren H. Sarkisian Fellowship "to provide scholarships for exceptional students of Armenian heritage whose focus is on ethics or social enterprise."

The Harvard School of Business continues to be in existence and a "qualified charitable organization." However, petitioners seek cy pres relief as Harvard University (Harvard) communicated two reasons that impede its acceptance of the bequest. First, Harvard indicated that it cannot differentiate scholarship recipients based on race or ethnicity and, consequently, cannot earmark funds for students of Armenian heritage. Second, Harvard explained that the degree

programs at the Harvard School of Business do not incorporate concentrations or majors in ethics, or generally. Therefore, potential scholarship candidates with a focus on "ethics or social enterprise" would not be identifiable. To this effect, petitioners are asking the court to exercise its cy pres power under EPTL 8-1.1(c) to substitute the Harvard School of Business for the American University of Armenia.

Application of the cy pres doctrine is intended to prevent the failure of a charitable bequest (*see e.g. Matter of Bowne*, 11 Misc 2d 597, 599 [Sur Ct, NY County 1958]). EPTL 8-1.1(c) provides that "whenever it appears to such court that circumstances have so changed since the execution of an instrument making a disposition for ...charitable...purposes as to render impracticable or impossible a literal compliance with the terms of such disposition," the court may make an order directing that such disposition be made in a manner which the court finds "will most effectively accomplish its general purposes." To invoke the cy pres doctrine, the court must find: 1) that the gift or trust is charitable in nature, 2) that the language in the trust demonstrates a general, rather than specific, charitable intent, and 3) that the particular purpose for which the gift or trust was created has become impossible or impracticable to achieve (*see e.g. Matter of Othmer*, 185 Misc 2d 122 [Sur Ct, Kings County 2000]).

As for the first requirement, there is no doubt that the testator's gift to the Harvard School of Business is charitable in nature. Indeed, the gift is made specifically contingent on the entity being a "qualified charitable organization" in Article THIRD, Paragraph (B).

As for the second requirement, the testator's general charitable intent is demonstrated in that her disposition of the entire residuary estate is gifted exclusively to charitable organizations (*Matter of Kramer*, 20 Misc 3d 383 [Sur Ct, Nassau County 2008]; *Othmer*, 185 Misc 2d at 127; *Bowne*, 11 Misc 2d at 600). Moreover, the Will has no gift over provisions directing what should

2

be done with residuary amounts not given to charities in the event of a gift lapse (*Matter of Carper*, 67 AD2d 333, 337 [4th Dept 1979], *affd* 50 NY2d 974 [1980]); *Matter of Goehringer*, 69 Misc 2d 145, 149-150, [Sur Ct, Kings County 1972]; *Matter of Wolseley*, 10 Misc 3d 1077(A), 2005 Slip Op 52251[U] [Sur Ct, Suffolk County 2005]).

Finally, as for the third requirement, the impossibility of the bequest to the Harvard School of Business is not in dispute. The institution simply does not offer coursework that would constitute a concentration or major in "ethics or social enterprise" as part of any degree program. Even if it did, it would not be able to offer a scholarship specifically to students of Armenian descent, which was of paramount importance to the decedent as demonstrated in the Will.

Here, all the requirements for the court to invoke the cy pres doctrine under EPTL 8-1.1(c) have been met. The proposed replacement charity, the American University of Armenia, has confirmed its ability to establish the Souren H. Sarkisian Fellowship as dictated by the Will. The Attorney General, who is the sole representative of charitable beneficiaries in circumstances such as this, has no opposition to distribution to the American University of Armenia.

Under these circumstances, the court concludes that literal compliance with Article FOURTH, Paragraph (A)(2)(b) of the Will is impracticable and the decedent's charitable intent will best be accomplished by the distribution of the portion of the residue at issue to the American University of Armenia.

Accordingly, it is hereby

ORDERED that the petition is granted, and that the trustees of the trust established in Article THIRD, Paragraph (B) of the Will use the residuary funds in question for the benefit of the American University of Armenia.

3

The Clerk of the Court shall mail a copy of this Decision and Order to the parties whose names and mailing addresses appear below.

Decree signed.

Dated: March ___, 2025

_____
S U R R O G A T E

To:

Faegre, Drinker, Biddle & Reath LLP
By: Russell N. Adler, Esq.
      Justin M. Ginter, Esq.
1177 Avenue of the Americas, 41st Floor
New York, NY 10036
*Attorneys for Petitioners*
*Executors/Trustees Nicole Vartanian and Deborah Krulewich*

Schlesinger, Lazetera & Auchincloss LLP
By: Jessie D. Jamar, Esq.
      Brian Chirichigno, Esq.
535 Madison Avenue
New York, NY 10022
*Attorneys for Petitioners*
*Executors/Trustees Paula Wagner, Robert Bigleer,*
*Kevin Connolly, and Sandord J. Schlesinger*

Carter, Ledyard & Milburn LLP
By: Charles G. Berry, Esq.
28 Liberty Street
New York, NY 10005
*Attorneys for Respondent*
*The New York Society Library*

Attorney General of the State of New York
By:  Judith A. Woods, Esq.
      Assistant Attorney General, Charities Bureau
28 Liberty Street, 16th Floor
New York, NY 10005

4

[* 4]